NO. 07-03-0273-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



NOVEMBER 23, 2004



______________________________




JONATHAN LEE FLORES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 45,924-A; HONORABLE HAL MINER, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

ABATEMENT AND REMAND


 Appellant Jonathan Lee Flores challenges his conviction for arson and ten-year
sentence. The appellate record, appellant's brief, and the State's brief have all been filed. 
On July 7, 2004, this Court abated this appeal and remanded the cause to determine
whether attorney Ronald T. Spriggs should be permitted to withdraw. Following a hearing,
the trial court granted the motion to withdraw and appointed attorney Gerald D. McDougal
to represent appellant. By letter, Mr. McDougal indicated to this Court that due to the
status of the appeal, no further briefing was necessary. Upon suggestion of death of
appellant's attorney, we now abate this appeal and remand the cause to the trial court.

 Upon remand, the trial court shall immediately cause notice of a hearing to be given
and, thereafter, conduct a hearing to determine the following:

 1. whether appellant desires to prosecute this appeal; and

 2. whether appellant is indigent and entitled to new appointed counsel.


The trial court shall cause a hearing to be transcribed. Should it be determined that
appellant does want to continue the appeal and is indigent, then the trial court shall also
take such measures as may be necessary to assure appellant effective assistance of
counsel, which measures may include the appointment of new counsel. If new counsel is
appointed, the name, address, telephone number, and state bar number of said counsel
shall be included in the order appointing new counsel. The trial court shall execute findings
of fact, conclusions of law, and such orders as the court may enter regarding the
aforementioned issues, and cause its findings and conclusions to be included in a
supplemental clerk's record. A supplemental record of the hearing shall also be included
in the appellate record. Finally, the trial court shall file the supplemental clerk's record and
supplemental reporter's record with the Clerk of this Court by Friday, January 14, 2005.

 Should new counsel be appointed, the Clerk of the Court is instructed to accept and
file any brief or supplemental brief newly appointed counsel desires to file. Absent a motion
for extension of time, new counsel's brief(s) shall be due within 30 days after filing of the
supplemental clerk's and reporter's records. The State's brief will be due within 60 days
following filing of the supplemental clerk's and reporter's records or within 30 days following
the filing of new counsel's brief(s), whichever is later. Tex. R. App. P. 38.6(a) & (b). 

 It is so ordered.


 Per Curiam



Do not publish.



se of discretion, the record must simply contain
some evidence to support the decision made by the trial court. Brumbalow v. State, 933
S.W.2d 298, 300 (Tex.App.--Waco 1996, pet. ref'd). 

 Before her guilty plea hearing appellant executed a written waiver of her right to
appeal. She also executed written admonishments, a waiver of her rights, and a judicial
confession. She testified that she was guilty of the indicted offense. The trial court
continued the hearing for preparation of a pre-sentence investigative report. When the
hearing resumed, the investigative report was admitted into evidence without objection. 
The trial court then heard testimony about appellant's attempt to cooperate with authorities
as an informant in drug-related matters. 

 In considering appellant's punishment, the trial court had before it appellant's
written confession, her testimonial confession, and a pre-sentence investigation report
indicating, in part, that appellant was in denial of a drug problem which had previously
contributed to loss of custody of her children. 

 Jackson, cited by both appellant and the State, sets out the general rule that as long
as a sentence is within the proper statutory range of punishment it will not be disturbed on
appeal. Jackson, 680 S.W.2d at 814. In Jackson, however, the sentencing trial judge did
not hear the guilty plea testimony of the defendant, did not review a transcript of the guilty
plea testimony, and the only evidence before the judge on punishment was a pre-sentence
investigative report which was inadmissible and which had been properly objected to. The
Jackson court held that the trial court abused its discretion in sentencing the defendant
because the sentence was based on no evidence:

 [I]n all of the cases dealing with review in this area there was at least some
evidence or facts available to the court and upon which the court could have
relied in assessing punishment. We can find no case sanctioning, over
timely objection, a particular punishment decision in which there was no
evidence of the offense, no information about the defendant, no punishment
evidence, no plea bargain; in short, nothing at all upon which the punishment
decision could have been based. We decline to sanction such procedure
and hold that under the limited facts of this case the trial judge abused his
discretion when, over proper objection, he determined the appellant's
punishment.


Id. 

 

 Unlike the trial judge in Jackson, the trial court in appellant's case had evidence
before it on the issue of punishment. The sentence assessed was within that prescribed
by statute. Thus, the trial court did not abuse its discretion in sentencing appellant. See
id.; Brumbalow, 933 S.W.2d at 300. Regardless of whether appellant waived her right to
appeal as is urged by the State, her sole issue is without merit and is overruled. We need
not and do not consider whether appellant waived her right to appeal. Tex. R. App. P.
47.1. 

 The judgment of the trial court is affirmed.


 Phil Johnson

 Justice



Do not publish.